IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01856-BNB

JOSEPH JAMES SCHNEIDER,

    Plaintiff,

v.

ELAINE COOPER L.P.C.,
DAVID NEWCOMB C.A.C. III,
JEFFERSON CENTER FOR MENTAL HEALTH (J.C.M.H.),
LORI LAMM-SWANSON L.P.C., J.E.R.P. Director,
VICKI RODGERS (H.I.P.A.A. Privacy Officer for J.C.M.H.),
INTERVENTION AND COMMUNITY CORRECTIONS SERVICES,
SCOTT POWERS L.P.C. (Head Clinician for I.C.C.S.), and
DONNA FLANNERY - Colorado Department of Parole,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Joseph James Schneider, alleges that he is on parole and that he currently resides at a community corrections facility in Henderson, Colorado. He has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993) for money damages. He also has filed various letters with the Court. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Schneider is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a

plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, Mr. Schneider will be ordered to file an amended complaint.

Mr. Schneider is suing improper parties. He alleges that Defendants, Jefferson Center for Mental Health and Intervention and Community Corrections Services, are state actors. Mr. Schneider may not sue state entities for money damages. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

The Court also finds that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Schneider "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir. 2007).

Mr. Schneider's complaint is verbose and redundant. The complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim succinctly, Mr. Schneider apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not a judicial function. It is Mr. Schneider's responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Schneider must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights. He may not

supplement his claims with letters, leaving for the Court to determine whether he is adding claims and defendants.

Mr. Schneider also must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Schneider must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1C. and that Mr. Schneider should be given an opportunity to file an amended complaint asserting all of his claims against all Defendants he intends to sue. He will be directed to do so below. Accordingly, it is

ORDERED that Plaintiff, Joseph James Schneider, file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that

complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Schneider, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Schneider fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED October 2, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01856-BNB

Joseph James Schneider
Prisoner No. 56949
8031 Hwy I-76
Henderson, CO 80640-7808

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** form to the above-named individuals on  10/3/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk