IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–01856–REB–KMT

JAMES JOSEPH SCHNEIDER,

      Plaintiff,

v.

ELAINE COOPER, L.P.C.,
DAVID NEWCOMB, C.A.C., III,
LORI LAMM-SWANSON, L.P.C., and
VICKI RODGERS,

      Defendants.

---

## ORDER

---

      This matter is before the court on "Plaintiffs [sic] Motion for Leave to Amend and Lodge a Proposed Amended Complaint."  ([Doc. No. 57] [filed April 23, 2009] [hereinafter "Mot."].) Defendants filed a Response on May 8, 2009.  ([Doc. No. 67] [hereinafter "Resp."].)

      Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5,*  232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate:

      If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl*., 712 F.2d

444, 446 (10th Cir. 1983).  Further, the Supreme Court guides:

The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

The court finds no showing of undue delay, bad faith, dilatory motive, or repeated failure on the part of Plaintiff to cure deficiencies by amendments previously allowed.  Morever, as this case is in the early stages of litigation, there is no undue prejudice to the defendants by virtue of allowance of the amendment.  The court also finds that Plaintiff's amendments are not futile, and it is therefore

ORDERED that "Plaintiffs [sic] Motion for Leave to Amend and Lodge a Proposed Amended Complaint" (Doc. No. 57) is GRANTED.  The court directs the Clerk of Court to file the "Second Amended Prisoner Complaint," heretofore attached to the motion (Doc. No. 57-2). It is

FURTHER ORDERED that "Defendants' Motion to Dismiss or For Summary Judgment in Response to Plaintiff's Complaint with Incorporated Brief Authority" (Doc. No. 27, filed

February 12, 2009) is DENIED without prejudice as moot, as it is directed at the now inoperative

complaint.

Dated this 18th day of May, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge